RECEIVED
JAN 29 2026
PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Marla Brown,
**Plaintiff,**

v.

Plaza Toyota, Plaza Auto Mall, NCC Inc., and John Does 1–10,
**Defendants,**

**COMPLAINT**

**Jury Trial Demanded**

Case No.:_______________

## I. NATURE OF THE ACTION

1. This action arises from a consumer credit transaction in which Defendants solicited, accepted, executed, and retained Plaintiff's consumer credit application and multiple purchase agreements; represented that financing was available on specified terms; and after execution, attempted to unilaterally alter or negate the transaction while continuing to use Plaintiff's consumer credit information and transaction documents.
2. Defendants' conduct includes post-execution alteration of material credit terms, unauthorized submission of Plaintiff's consumer credit information to third parties, failure to provide required disclosures, and misrepresentation of a purported credit denial unsupported by contemporaneous records.
3. Defendants further disposed of the subject vehicle through auction immediately following execution of Plaintiff's purchase agreements, contradicting their representations that the transaction was merely "pending" or "denied," and evidencing deceptive and unfair practices in a consumer credit transaction.
4. Defendants' actions violate the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Regulation Z, New York General Business Law § 349, and common-law principles governing executed agreements and unjust enrichment.

## II. JURISDICTION AND VENUE

5. This proceeding arises from a federal question. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1640(e).
6. Venue is proper in this District under 28 U.S.C. § 1391, as the events giving rise to these claims occurred here and Defendants transact business in this District.

REC'D IN PRO SE OFFICE
JAN 29 '26 AM9:03

## III. PARTIES

7. Plaintiff Marla Brown is a consumer residing in Brooklyn, New York.
8. Defendant Plaza Toyota and Plaza Auto Mall are motor vehicle dealerships engaged in consumer credit transactions within the meaning of TILA.
9. Defendant NCC Inc. is believed to be an entity involved in credit submission, processing, or related financial activity arising from Plaintiff's application.
10. John Does 1–10 are individuals or entities whose identities are presently unknown but who participated in, benefitted from, or facilitated the conduct alleged herein.

## IV. FACTUAL ALLEGATIONS

11. On March 7, 2025, Plaintiff completed and submitted a consumer credit application to Plaza Toyota in connection with the purchase of a vehicle. The application expressly reflected Plaintiff's material terms, including zero dollars ($0) down and no co-signer requirement.
12. On March 8, 2025, Defendants obtained Plaintiff's consumer credit report. Plaintiff was not informed of any denial. To the contrary, Defendants' communications and conduct conveyed that financing was available and progressing on the agreed terms.
13. Later on March 8, 2025, Plaintiff was contacted by Jason [Last Name Unknown], a salesperson for Plaza Toyota, who confirmed that the transaction involved $0 down and arranged for Plaintiff to come to the dealership. Due to the dealership closing before Plaintiff could arrive, the parties agreed to meet on March 11, 2025.
14. Prior to the March 11 visit, Plaintiff asked Jason in writing whether the dealership offered GAP or accidental insurance and whether such coverage could be included in the finance charge. Jason claimed confusion and requested a phone call. Plaintiff requested clarification in writing. Jason did not respond.
15. Despite this unexplained silence, Plaintiff proceeded to the dealership on March 11, 2025, relying on Defendants' prior representations that financing was approved with $0 down.
16. Upon arrival, Plaintiff was seated while Jason consulted with multiple dealership personnel. Jason then presented Plaintiff with a purchase agreement, which Plaintiff reviewed and executed. The agreement reflected agreed-upon terms and was signed by dealership personnel, constituting acceptance.
17. Jason later returned with a second purchase agreement, also executed by the dealership. Plaintiff was not provided full copies of both agreements and was shown only the front pages.
18. Plaintiff reasonably understood that two executed purchase agreements existed, each bearing dealership acceptance, and that the transaction had been consummated subject only to routine completion.

19. Plaintiff was taken into the office of the finance manager, identified as CJ, who engaged Plaintiff in prolonged discussion and attempted to introduce new conditions inconsistent with the executed agreements.
20. Plaintiff stated that she understood her consumer application and executed purchase agreements held value to the dealership and that, if Defendants intended to retain and use those documents, performance or consideration was required.
21. Rather than honoring the executed agreements or returning them, Defendants delayed Plaintiff for several hours, during which time Plaintiff observed and was led to believe that her credit application was being submitted to additional third parties without disclosure or consent.
22. Plaintiff remained at the dealership until closing and was the last customer present.
23. At the conclusion of the evening, Jason handed Plaintiff only the front page of one purchase agreement, marked "VOID" in yellow highlighter, and stated: "Good news, we canceled the deal. Bad news, you need a co-signer or $10,000 down."
24. Plaintiff was never provided a contemporaneous written credit denial dated March 7 or March 11; a complete copy of both executed purchase agreements; any adverse action notice tied to the additional credit inquiries; or any accounting explaining Defendants' use of her application and agreements.
25. Plaintiff later discovered hard credit inquiries by NCC Inc./Plaza Toyota on March 8, 2025; and American Honda Finance Corp. on March 11, 2025.
26. These inquiries occurred after Defendants had already obtained Plaintiff's credit report and while Plaintiff was physically present awaiting completion of the transaction, with no legitimate consumer purpose disclosed.
27. Plaintiff obtained a Carfax report for the vehicle, which reflects that the vehicle was sold or transferred to auction immediately following Plaintiff's transaction; multiple transfers occurred involving Plaza Auto Mall; and the vehicle was sold to Jim Shell Auto Sales the day after Plaintiff executed the purchase agreements.
28. The Carfax further reflects multiple pricing entries on March 12, 2025, including $26,000 and $24,689, followed by a new price of $24,334 on March 13, 2025.
29. These rapid transfers and pricing changes are inconsistent with Defendants' claim that Plaintiff's transaction was merely "denied" and support a reasonable inference that Defendants disposed of the vehicle while stalling Plaintiff, while retaining and using her transaction documents.
30. Defendants' conduct caused Plaintiff loss of the benefit of the bargain; damage to her credit profile; out-of-pocket expenses; and substantial distress arising from deceptive practices in a consumer credit transaction.

## V. CLAIMS FOR RELIEF

### COUNT I – Violation of the Truth in Lending Act (15 U.S.C. §§ 1638, 1640; Regulation Z)

31. Plaintiff realleges the foregoing.

32. Defendants engaged in a consumer credit transaction requiring clear, accurate, and timely disclosure of material credit terms, including downpayment requirements and conditions precedent.
33. Plaintiff's application and executed agreements specified $0 down, and Defendants proceeded to execution without disclosing any contrary requirement.
34. Defendants' post-execution demand for a $10,000 down payment or co-signer constitutes a deceptive credit practice and violates 15 U.S.C. § 1662 and Regulation Z.
35. Defendants further violated TILA by submitting Plaintiff's consumer credit information to multiple third parties without proper disclosure or authorization.
36. Plaintiff is entitled to statutory damages, actual damages, fees, and equitable relief under 15 U.S.C. § 1640.

**COUNT II – Deceptive Acts and Practices (N.Y. GBL § 349)**

37. Defendants' conduct was consumer-oriented and materially misleading.
38. Representing approval, executing agreements, later asserting inconsistent denials, shopping credit without disclosure, and disposing of the vehicle constitute deceptive and unfair practices.
39. Plaintiff suffered actual injury as a result.

**COUNT III – Breach of Contract / Unjust Enrichment**

40. Defendants executed purchase agreements and later repudiated performance without lawful basis.
41. Alternatively, Defendants were unjustly enriched by retaining and using Plaintiff's application and agreements without performance or consideration.

## VI. DAMAGES

42. Plaintiff seeks:

- actual damages;
- statutory damages under TILA;
- costs and fees;
- declaratory and injunctive relief.

## VII. PRAYER FOR RELIEF

Plaintiff seeks:

- Statutory and actual damages;
- Declaratory relief;
- Injunctive relief barring further misuse of Plaintiff's consumer credit;
- Costs and fees under applicable law;
- Such other relief as the Court deems just and proper.

## CERTIFICATION

I certify to the best of my knowledge, information, and belief that this complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the complaint otherwise complies with the requirements of Rule 11.

Date: January 11, 2026
/s/: Marla Brown

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 28 2026 ★
BROOKLYN OFFICE

Revised 12.10.2025; Effective 12.10.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Brown, Maria

**DEFENDANTS**
PLAZA AUTO MALL, ETAL

**(b)** County of Residence of First Listed Plaintiff ______
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [X] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [X] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee *
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C § 1601 et seq- Truth In Lending Act (TILA)

Brief description of cause:
violations arising from undisclosed & altered financing terms.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

* Please respond to Part F on Page 2

PAGE ONE OF TWO - PLEASE CONTINUE TO PAGE TWO

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 28 2026 ★

BROOKLYN OFFICE

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 2323 2136 07

EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA
Brooklyn, NY 11201

USMS