**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

MARLA BROWN,

Plaintiff,

v.

Case No. 1:26-cv-00509

PLAZA TOYOTA; PLAZA AUTO MALL; NCC, INC.; & JOHN DOES 1-10,

Defendants.

**DEFENDANT NATIONWIDE CREDIT CORPORATION'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Nationwide Credit Corporation ("Defendant" or "NCC"), submits this Answer and Affirmative Defenses to the Complaint and Jury Demand (hereinafter the "Complaint") (Doc. 1) filed by Marla Brown ("plaintiff"), and states:

## I. NATURE OF THE ACTION

1. NCC denies the allegations in ¶ 1.

2. NCC denies the allegations in ¶ 2.

3. NCC denies the allegations in ¶ 3.

4. NCC denies the allegations in ¶ 4.

## II. JURISDICTION AND VENUE

5. NCC denies the allegations in ¶ 5 as calling for a legal conclusion.

6. NCC denies the allegations in ¶ 6 as calling for a legal conclusion.

## III. PARTIES

7. Upon information and belief, NCC admits plaintiff resides in Brooklyn, New York. Except as expressly admitted, NCC denies the allegations in ¶ 7.

8. NCC denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. NCC denies the allegations in ¶ 9.

10. NCC denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

## IV. FACTUAL ALLEGATIONS

11. The allegations in ¶ 11 are not directed towards NCC. To the extent a response is required, NCC denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. NCC denies the allegations in ¶ 12.

13. The allegations in ¶ 13 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14. The allegations in ¶ 14 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15. The allegations in ¶ 15 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. The allegations in ¶ 16 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17. The allegations in ¶ 17 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18. The allegations in ¶ 18 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19. The allegations in ¶ 19 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. The allegations in ¶ 20 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21. The allegations in ¶ 21 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. The allegations in ¶ 22 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23. The allegations in ¶ 23 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24. The allegations in ¶ 24 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. NCC denies the allegations in ¶ 25.

26. NCC denies the allegations in ¶ 26.

27. The allegations in ¶ 27 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.

28. The allegations in ¶ 28 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 28 for lack of knowledge or information sufficient to form a belief therein.

29. The allegations in ¶ 29 are not directed towards NCC. To the extent that a response is required, NCC denies the allegations in ¶ 29 for lack of knowledge or information sufficient to form a belief therein.

30. NCC denies the allegations in ¶ 30.

## V. CLAIMS FOR RELIEF

### COUNT I – Violation of the Truth in Lending Act (15 U.S.C. §§ 1638, 1640; Regulation Z)

31. NCC reasserts the foregoing as if fully stated herein.

32. NCC denies the allegations in ¶ 32.

33. NCC denies the allegations in ¶ 33.

34. NCC denies the allegations in ¶ 34.

35. NCC denies the allegations in ¶ 35.

36. NCC denies the allegations in ¶ 36.

**COUNT II – Deceptive Acts and Practices (N.Y. GBL § 349)**

37. NCC denies the allegations in ¶ 37.

38. NCC denies the allegations in ¶ 38.

39. NCC denies the allegations in ¶ 39.

**COUNT III – Breach of Contract/Unjust Enrichment**

40. NCC denies the allegations in ¶ 40.

41. NCC denies the allegations in ¶ 41.

## VI. DAMAGES

42. NCC denies plaintiff is entitled to the damages sought in ¶ 42 and its subsections.

## VII. PRAYER FOR RELIEF

NCC denies plaintiff is entitled to the relief sought in the unnumbered paragraph entitled Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. NCC denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of NCC's purported violations.

2. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

3. Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

4. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than NCC and were beyond the control or supervision of NCC or for whom NCC was and is not responsible or liable.

5. Plaintiff has failed to state a claim against NCC upon which relief may be granted.

6. Plaintiff lacks standing to prosecute her claims.

WHEREFORE, Defendant, Nationwide Credit Corporation, respectfully requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Dated: August 27, 2026

Respectfully submitted,

*/s/ Kirsten H. Smith*

Kirsten H. Smith, Esq.
Sessions, Israel & Shartle, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: ksmith@sessions.legal

*Counsel for Defendant,*
*Nationwide Credit Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of New York, and served on all parties via CM/ECF, and U.S. mail upon the following:

Marla Brown
c/o 5241 Center Blvd., 702
Long Island City, Republic of New York (1101)

*/s/ Kirsten H. Smith*
Kirsten H. Smith, Esq.